IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 05 C 2611 |
| | ) | |
| v. | ) | (Criminal Case No. 03 CR 30) |
| | ) | |
| JOHNNY MILAM, | ) | Judge Ronald A. Guzmán |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Johnny Milam has filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Court hereby orders an evidentiary hearing for the sole purpose of determining whether and when Johnny Milam requested that his attorney file an appeal in his criminal case.

## FACTS

On July 16, 2003, a jury found Milam guilty of unlawful transportation of a firearm after a previous conviction for a crime punishable by more than one year of incarceration (Count I) and for possession of a defaced firearm (Count 2). On May 21, 2004, this Court sentenced Milam to 120 months of imprisonment on Count 1 and 60 months on Count 2 to be served concurrently. Johnny Milam argues that his sentence must be vacated based on numerous grounds, including that his attorney, Steven Allen Greenberg, provided ineffective assistance of counsel because he failed to file an appeal despite Milam's request for him to do so on the date of sentencing.

1

## Discussion

A federal prisoner may move a district court to vacate, set aside or correct a sentence on the grounds that it was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack" 28 U.S.C. § 2255. A district court is required to grant an evidentiary hearing if a § 2255 petitioner "alleges facts that, if proven would entitle him to relief." *Galbraith v. United States*, 313 F.3d 1001, 1019 (7th Cir. 2002) (quotation omitted). "[T]he district court is entitled to consider all the circumstances in the record in determining whether a hearing should be afforded." *Aleman v. United States*, 878 F.2d 1009, 1012 (7th Cir. 1989) (quotation omitted).

To prevail on a claim for ineffective assistance of counsel based on a failure to file a notice of appeal, a petitioner "must satisfy the familiar test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." *Kitchen v. United States*, 227 F.3d 1014, 1019 (7th Cir. 2000). Under that test, a petitioner "must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant." *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000) (quotations and citations omitted).

With regard to the former part of the *Strickland* test, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* at 477. With regard to the latter, the court "presum[es] prejudice with no further showing from the defendant of the merits of his underlying claims when the violation of the right to counsel rendered the proceeding presumptively unreliable or entirely nonexistent."

2

*Id.* at 484. "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.*

In his petition, Milam implies that he asked his attorney to file a notice of appeal in a timely fashion. (*See* Pet. 16.) In his reply brief in support of his petition, Milam explicitly states that he asked his attorney to appeal on the date of sentencing. (Pet'r's Resp. Opp'n Mot. Vacate Sentence 7.) His allegation that he made a timely request to appeal is supported by exhibits he attaches to his reply brief. He provides a letter dated November 29, 2004 that he wrote to his attorney that states: "I would like to know if you have filed for my Notice of Appeal for my direct appeal rights in a timely matter to please the courts? I have not recieved [sic] anything informing me you have done so. Please inform me exactly what you are doing!" (*Id.*, Ex., Letter from Milam to Greenberg of 11/29/04.) Milam also provides a letter printed on Steven A. Greenberg's letterhead dated January 10, 2005, in which Amy R. Taglia states:

> As you may be aware, the U.S. Supreme Court is still reviewing the case of *Blakely v. Washington*, 124 S.Ct. 2531 (2004) and no decision has been issued. In your latest correspondence to me, you asked if I filed a direct appeal with the Court. I have not. In my previous correspondence to you, I had stated that I am monitoring the Court decisions to see if they have any impact on your case and if so I would seek relief for you. Other than that, I am unable to continue working on your case.

(Ex. A, Letter from Taglia to Milam of 1/10/05.) Taglia's letter does not deny that Milam had requested an appeal on the date of sentencing and curiously states that an already-published Supreme Court opinion had not yet been issued. (*See id.*)

3

Because Milam's submissions have raised a factual dispute as to whether and when he requested his attorney to file a notice of appeal, the Court hereby orders that the petitioner and the attorneys responsible for his representation appear at an evidentiary hearing.

## Conclusion

For the foregoing reasons, the Court sets an evidentiary hearing to determine whether and when Milam requested an appeal in criminal case number 03 CR 30. Johnny Milam and the attorneys who represented Milam in the criminal case are ordered to appear on Monday, November 13, 2006 at 10:30 a.m. The Court hereby appoints an attorney from the Federal Defender's office to represent Milam at the hearing. All attorneys of record in the 03 CR 30 case shall receive a copy of this Memorandum Opinion and Order, notice of the hearing and any scheduling changes.

**SO ORDERED**  ENTERED: 10/23/06

HON. RONALD A. GUZMAN
**United States Judge**